| | | |
|---|---|---|
| JIMMY E. MORRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:08-CV-465-TS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Jimmy E. Morris, a *pro se* prisoner, filed a Habeas Corpus Petition [DE 1] attempting to

challenge the denial of credit time that he claims he earned by completing the requirements for

his G.E.D. He states that he "filed a petition in the State court of conviction requesting the

accreditment of the statutory created earned credit time authorized by statute. The trial court

denied Morris's motion, thus Morris has complied with the exhaustion requirement of 2254."

(Br. in Supp. of the Pet. 2, DE 2.) The Petitioner is correct that he must exhaust his state

remedies before filing a federal habeas petition, but presenting his claim only in the state trial

court does not qualify as exhaustion. The Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court
> remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is
> the duty to fairly present his federal claims to the state courts. Only if the state
> courts have had the first opportunity to hear the claim sought to be vindicated in
> the federal habeas proceeding does it make sense to speak of the exhaustion of
> state remedies. Fair presentment in turn requires the petitioner to assert his federal
> claim through one complete round of state-court review, either on direct appeal of
> his conviction or in post-conviction proceedings. This means that the petitioner
> must raise the issue at each and every level in the state court system, including
> levels at which review is discretionary rather than mandatory.

*Lewis v. Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004) (internal quotations, citations, and

parallel citations omitted).

Before this Court can address his claims, the Petitioner must have afforded the Indiana Supreme Court the opportunity to address them. Because he has not yet done so, this petition must be dismissed without prejudice. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing Section 2254 Cases, Rule 4.

For the foregoing reasons, the Court **DISMISSES** this petition **WITHOUT PREJUDICE** because these claims have not been exhausted in state court.

SO ORDERED on October 29, 2008.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION